# IN THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-1899

**WHITEHALL FIDUCIARY LLC, AS TRUSTEE OF WHITEHALL TRUST U/T/A DATED AUGUST 1, 2007, AND SAUCON VALLEY TRUST U/T/A DATED AUGUST 1, 2007,**
*Appellants,*
v.
**LEHIGH VALLEY 1 LLC, SUCCESSOR BY ASSIGNMENT TO WINDSTREAM CAPITAL LLC, SUCCESSOR BY ASSIGNMENT TO THE UNITED STATES SECRETARY OF HOUSING AND URBAN DEVELOPMENT, SUCCESSOR BY ASSIGNMENT TO M&T REALTY CAPITAL CORPORATION,**

**MOTION OF APPELLEE FOR LEAVE TO FILE SUPPLEMENTAL APPENDIX**

Appellee, Lehigh Valley 1 LLC ("Appellee"), by and through counsel, respectfully moves for leave of Court to file a Supplemental Appendix in support of its Brief. In support thereof, Appellee states as follows:

**ARGUMENT**

1. On August 21, 2025, Appellee filed its Brief with a Supplemental Appendix containing nine (9) exhibits comprising documents from the district

court record that are central to the appeal in this matter and were not included by Appellants in their appendix.

2. The Clerk of Court entered a text order on August 26, 2025 (Dkt. 41), directing Appellee to submit the supplemental appendix as its own docket entry, and also requested that the Appellee file a motion for leave to file said supplemental appendix.

3. On August 27, 2025, Appellee resubmitted the supplemental appendix as its own docket entry (Dkt. 44).

4. The Supplemental Appendix consists of materials crucial to the factual background and legal issues presented on appeal, including (i) notice of tax sale, (ii) correspondence regarding tax payments, (iii) leases and amendments, (iv) insurance information, (v) financial statements, (vi) assignments, (vii) security agreements, and (viii) tax certifications.

5. These documents are within the district court record and are necessary for the Court's full and fair review of the matters raised by the parties.

6. Appellee's inclusion of these documents does not constitute an attempt to expand the record, but rather cures the omission of key portions of the record by Appellants, as permitted and contemplated by Fed. R. App. P. 30(a)(1) and Third Circuit Local Appellate Rule 30.3.

7. Good cause exists for the acceptance of the Supplemental Appendix, as these materials directly pertain to the Appellants' defaults, the financial instability at issue, the contractual arrangements, the proper assignment of all loan documents to the Plaintiff, the risk to the collateral, and are central to the receivership issues addressed below and on appeal.

8. The absence of these documents in the record appendix assembled by Appellants would otherwise impede the Court's ability to decide the case on a proper and complete evidentiary foundation.

## CONCLUSION

For the foregoing reasons, Appellee respectfully requests that the Court grant leave to file the Supplemental Appendix, and direct that it be accepted and considered as part of the record on appeal.

    Respectfully submitted,
    **BERGER LAW GROUP, P.C.**

By: *Phillip D. Berger*
    Phillip D. Berger, Esq.
    Attorney I.D. No. 58942
    Matthew R. Kaufmann, Esq.
    Attorney I.D. No. 206991
    919 Conestoga Road
    Building 3, Suite 100
    Bryn Mawr, PA 19010
    (610) 668-0774

DATED: August 27, 2025    Attorneys for Plaintiff/Appellee

# CERTIFICATE OF SERVICE

I, Phillip D. Berger, Esquire, hereby certify that on the date set forth below, I caused a true and correct copy of the foregoing Motion for Leave to File Supplemental Appendix to be filed with the Clerk for the United States Court of Appeals for the Third Circuit via the Court's CM/ECF system. I further certify that all counsel of record are registered CM/ECF users and that service will be accomplished via the CM/ECF system.

By: *Phillip D. Berger*
Phillip D. Berger, Esquire

# CERTIFICATION OF COMPLIANCE – PUBLIC ACCESS

I certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

By: *Phillip D. Berger*
Phillip D. Berger, Esquire